## SOUTHERN RY. CO. v. MAYES.

[87 South. 445, No. 21301.]

RAILROADS. *Plea that engine inflicting injuries was operated by another corporation not demurrable.*

In a suit filed by the legal representative of a deceased person to recover for the alleged negligent operation of a locomotive of the defendant resulting in the death of the deceased, it is error to sustain a demurrer to a plea averring that the killing of the decedent was the act of another and different corporation than the defendant corporation.

APPEAL from circuit court of Tishomingo county.

HON. C. P. LONG, Judge.

Action by Mrs. Lena Mayes, administratrix, against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*J. M. Boone,* for appellant.

The court below erred in sustaining demurrer to the second plea of defendant. The second plea of defendant sets forth the fact that J. L. Mayes, for whose death this suit is brought, was injured in the terminal yards of the Memphis Union Station Company in the city of Memphis, and that said station company was a corporation legally chartered under the laws of the state of Tennessee; that said Memphis Union Station Company, hereafter called the Union Company for short, was the sole owner of the Union Station in the city of Memphis including the buildings, tracks, roadbed, lands and all other facilities used in the operation of the said Union Station; and that it operates, manages, handles, and controls all the trains, and locomotives both passenger and freight, entering and departing from said station and that freight, entering and departing from said station and that all employees han-

dling trains or locomotives are the sole employees of the Union Company, and that said Union Company is an independent corporation, separate and apart from defendant railroad company and all other railroads using said Union Station; that said Union Company has a written conrtact with the different railroads, said contract is made Exhibit "B" with the plea that defendant railroad has no control over its employees; that at the time deceased was injured the locomotive inflicting the injury was under the complete control, possession and management of the said Union Company and its employees, and that defendant had no· control nor right of control over said employees of the Union Company, or as to the manner in which employees of said Union Company handled or transacted the business of said Union Company; and that the injury to deceased was solely the act of the said Union Company and its employees, for which defendant was in no way liable.

The union company was an independent corporation for the torts of whose servants and employees the defendant is not liable.   This Union Station Company is a corporation lawfully organized under the laws of the state of Tennessee, Shannon's Code, sections 2429-2437, both inclusive.

The supreme court of the United States in defining "Independent contractor" in the case of *Casement & Co.* v. *Brown,* 148 U. S. 615, 37 L. Ed. 582, states where contractors selected their own servants and employees, and were to furnish all material and do all the work under the contract which was to produce a specified result, and that the railroad company was represented only in the result of the work and not in the means by which it was accomplished, this created an independent contractor. The case of *C. R. O. & P. R. Co.* v. *Bond, Adm.,* 240 U. S. 449, 60 L. Ed. 735, reaffirms the doctrine in the *Casement case, supra,* and is directly in support of our second plea. *Powell* v. *Construction Co.,* 88 Tenn. 692, 17 A. S. R. 925; Mr. Thompson, in his work upon Negligence; *A. W. R. Co.* v. *Talley-Bates Const. Co.,* 50 So. 344.   To the same effect

is the case of *Larson* v. *American Bridge Co.*, 40 Wash. 224, 111 A. S. R. 904. This same definition is given, citing authorities in support thereof in 16 A. & E. of Law, page 187; *Callahan* v. *Rayburn*, 110 Miss. 117, 69 So. 669; *Packing Co.* v. *Hibou*, 92 Miss. 234, 46 So. 73; *U. S. v. Terminal R. Ass'n.*, 224 U. S. 483, 56 L. Ed. 810.

It is a general rule that a party injured by the negligence of another must seek his remedy against the person whose actual negligence it was which caused the injury, and that such person alone is liable. This principle applies to the negligence of independent contractors, the rule being that the negligence of an independent contractor is not ordinarily chargeable to his employer.

When an individual or corporation contracts with another individual or corporation exercising an independent employment for the latter to do a work not in itself a nuisance *per se,* or unlawful, such work to be done according to the contractor's own methods and not subject to the employer's control or orders except as to results to be obtained, the employer is not answerable to a third person, or his representatives, for an injury or death which results from their wrongful act, negligence of such contractor or of his servants, agents or subcontractors, in the performance of such work. See notes 76 A. S. R. 385; See same note above 76 A. S. R. 386; 29 A. & E. of Law, page 141, par. v, First Labatt, M. & S. (2 Ed.), 136.

This record demonstrates that the Union Company is a lawfully constituted corporation, independent in the control of its own business and comes squarely within the definitions given of an independent contractor, and an independent corporation liable for the torts of its own servants and for which torts no other person is liable.

The proof in this case shows that the yards through which deceased was walking, the track upon which he was injured were owned by the Union Company, and that each and every person handling the engine that injured him were employees of the Union Company, and none of them

had any connection whatever with defendant Southern Railway Company.

We say that the demurrer to this plea ought to have been overruled; which, of course, would result in a dis-missal of the case.

*J. Cunningham,* for appellee.

In the second error suggested against this judgment appellant took a position that the employee in charge of the engine that killed plaintiff's decedent was not an employee of the Southern Railway Company in any sense of the word. This is utterably untenable. They quote a great many opinions dealing with the question of fellow servants, and also on independent contractors but in both fields they miss the mark and there is not but one single case quoted by them which touches the direct question at issue involved here.

When plaintiff's decedent left this engine belonging to the Southern Railway Company on the terminal yards at Memphis he did so as an employee of the Southern Railway Company, and when the Union Station Company got upon the engine, threw open the throttle and started with it to the cinder pit to prepare it for the next trip, it, the Union Station Company, was an employee of the Southern Railway Company. We must not think of the man on the engine lest we might get confused just as the appellant is confused on the proposition, but we must know that through this man on the engine the Union Station Company was rendering its service to the Southern Railway Company. It was the Union Station Company, appellant's employee, who was there on that engine. This question is thoroughly discussed in the case of *Floody* v. *Chicago, etc., Railroad Company,* 134 Am. St. Rep. 771, and we think the doctrine there announced is thoroughly in accord with best reasoning.

A careful examination of the contract shows this Union Station Company to be a mere instrument of the South-

ern Railway Company and other railroads. They own it root and branch. It gets not a penny of profit and they are under a contract to sustain its losses. These companies feed and clothe the Union Station Company and they fairly breathe for it. All it is destined to do and be was moulded by their hands before it came into existence and the one sole purpose of its being is to serve this and other companies, as an agent or an agency as we might please to call it.

It is against public policy and shocking to good conscience for this organization of companies to avoid their liabilities by such a device as this contract reveals. What could be the meaning of "Officers, agents, and employees," if the terms do not reach such an agency as the Union Station Company is not included by them. 1 Roberts' Employee's Liability Act, section 530 (latest edition) give some very pretty thoughts along this line in construing the above terms.

SAM C. COOK, P. J., delivered the opinion of the court.

In April, 1917, Mr. J. L. Mayes, a locomotive engineer on the Southern Railway Company, went into Memphis on a passenger train called the Newsboy, running from Huntsville, Ala., to Memphis, Tenn., the train being what is called a double-header, and his brother, Etheridge Mayes, was engineer on the other engine.

When they arrived at Memphis, after backing their train into the Union Station, they then abandoned their engine and left the train standing where it was placed for the passengers to alight; their responsibility to the train being then and there terminated.

There is at Memphis a Union Station Company, a corporation chartered by the laws of the state of Tennessee, which company, through its employees, takes charge of all trains after they have stopped in the Union Station, and exclusively handles and controls the trains and engines while in said yards.

The deceased, with his brother, upon leaving the engine, went to a certain building in said yards to register and

wash up, and then proceeded to go to another place in said Union yards to again register, and on the way to this last point, in traveling through the yards, the deceased stepped upon the end of the cross-ties of the cinder pit track, and his brother walked by his side away from the track. The engine upon which deceased came into Memphis was by the employees of the Union Station Company being slowly backed up this cinder track and struck and injured deceased, from which injury he died twelve hours thereafter.

His widow, Mrs. Lena Mayes, took out letters of administration in the state of Alabama, and subsequently, to-wit, on November 24, 1917, instituted the suit in this case in the circuit court of Tishomingo county, Miss., alleging damages in the sum of one hundred thousand dollars.

The railway company pleaded the general issue and also filed the following plea:

"And now comes the defendant, and for further and second plea in this cause says that the plaintiff ought not to have and maintain her said suit aganist this defendant.

"First. That said suit is for damages for the death of one J. L. Mayes, which occurred on or about the 11th day of April, 1917, in the terminal yards of the Union Station in the city of Memphis and state of Tennessee.

"Second. Defendant avers that said terminal yard is owned, managed, and controlled by a corporation duly and legally chartered under and by virtue of the laws of the state of Tennessee, being so corporated September 25, 1909, under the name of the Memphis Union Station Company; that under said charter said company was duly and lawfully organized September 28, 1909, in strict accordance with provisions of said charter.

"Third. That said Memphis Union Station Company is the sole owner of what is known as the Union Station in the city of Memphis, including the buildings, tracks, roadbed, lands, and all other facilities used in the operation of the said Union Station; that said Memphis Union Station Company operates, handles, manages, and controls all trains, both passenger and freight, entering and

departing from said station; that all employes handling
trains or locomotives are the sole employees of the Mem-
phis Station Company; that when any passenger train
enters upon the yards of said Memphis Union Station
Company it moves into its place and stops under the di-
rection of the employees of the said Memphis Union Sta-
tion Company, and the employees upon said railroad train,
upon entering into said Union Station, immediately aban-
don said train or locomotive, and they are taken posses-
sion of, moved, handled, and controlled solely and alone
by the employees of the said Memphis Union Station Com-
pany.

"Fourth. That said Memphis Union Station Company
is an independent corporation separate and apart from
the defendant railroad company and other railroads using
said Union Station. Its charter is hereto attached, Ex-
hibit A.

"Fifth. That said defendant railroad company, to-
gether with other railroad companies entering said Union
Station, do so under a contract with the said Memphis
Union Station Company, which contract is hereto attach-
ed, marked Exhibit B, and made a part hereof; that the
defendant railroad company has no control over the man-
agement of the business transacted or the facilities used
in the yards of the said Memphis Union Station Company,
and has no control over its employees, as is shown by the
contract hereto attached, to which contract reference is
here and now made as to the relation of the defendant and
said Station Company.

"Sixth. Defendant avers that at the time the deceased,
J. L. Mayes, received the injuries upon which this suit is
based the locomotive inflicting the injuries was under the
complete control, possession, and management of the said
Station Company and its employees, and defendant had
no control or right of control over said employees of the
said Station Company, nor the manner in which the
said employees of the said Station Company han-
dled or transacted the business of the said Station Com-

pany, and the injury received by said deceased was solely an act of the said Station Company and its employees, for which the defendant is and was in no way under the law liable for said injury to deceased.

"And this defendant is ready to verify."

To this last-named plea the plaintiff demurred, and this demurrer was sustained.  If the averments of this plea are true, the plaintiff sued the wrong corporation, and, if the evidence should substantiate the plea, the defendant would be entitled to an instruction directing a verdict for the defendant.

We express no opinion touching the merits of the action, if brought against the proper defendant.  The failure to file a certified copy of the record of her appointment as administratrix may be remedied.

*Reversed and remanded.*